**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

May 4, 2015

De-Sayles Donnell Sampson
3213 Burleith Ave.
Baltimore, MD 21215

Jennifer Hope Stinnette
Social Security Administration
6401 Security Blvd Rm 617
Baltimore, MD 21235

      RE:   *De-Sayles Donnell Sampson v. Commissioner, Social Security Administration*;
              Civil No. SAG-14-2448

Dear Mr. Sampson and Counsel:

    On August 1, 2014, Plaintiff De-Sayles Donnell Sampson, who appears *pro se,* petitioned this Court to review the Social Security Administration's final decision to deny his application for Supplemental Security Income. (ECF No. 1). I have considered the Commissioner's Motion for Summary Judgment.[1] (ECF No. 20). I also carefully reviewed the entire file. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion. This letter explains my rationale.

    Mr. Sampson protectively filed his application for benefits on December 17, 2009, alleging a disability onset date of September 10, 2008. (Tr. 51, 165-72). His application was denied initially and on reconsideration. (Tr. 53-55, 57-58). A hearing, at which Mr. Sampson was represented by counsel, was held on April 10, 2013, before an Administrative Law Judge ("ALJ"). (Tr. 18-49). Following the hearing, the ALJ determined that Mr. Sampson was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 6-17). The Appeals Council denied Mr. Sampson's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Mr. Sampson suffered from the severe impairments of spinal stenosis, degenerative joint disease, myalgia, peripheral neuropathy, and obesity. (Tr. 11).

---

[1] Mr. Sampson did not file a Motion for Summary Judgment. After the Commissioner filed her Motion for Summary Judgment on March 25, 2015, a Rule 12/56 letter was mailed to Mr. Sampson, advising him of the potential consequences of failure to oppose the Commissioner's motion. (ECF No. 21). Mr. Sampson has not filed anything in response.

*De-Sayles Donnell Sampson v. Commissioner, Social Security Administration*
Civil No. SAG-14-2448
May 4, 2015
Page 2

Despite these impairments, the ALJ determined that Mr. Sampson retained the residual functional capacity ("RFC") to "perform light work as defined in 20 CFR 416.967(b) with a sit/stand at-will option; that does not require climbing ladders, ropes or scaffolds; nor more than occasional climbing ramps/stairs, crawling, crouching, kneeling, balancing, overhead reaching and stooping." (Tr. 12). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Sampson could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 16-17).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Mr. Sampson's favor at step one, and determined that he had not engaged in substantial gainful activity since his application date. (Tr. 11); *see* 20 C.F.R. §404.1520(a)(4)(i). At step two, the ALJ considered the severity of each of the impairments that Mr. Sampson claimed prevented him from working. *See* 20 C.F.R. § 404.1520(a)(4)(ii). As noted above, the ALJ concluded that several of Mr. Sampson's impairments were severe, and determined that his right leg impairments and carpal tunnel syndrome were nonsevere. (Tr. 11). After finding at least one of Mr. Sampson's impairments severe, the ALJ continued with the sequential evaluation and considered, at step four, whether Mr. Sampson's severe and non-severe impairments limited his ability to work. *See* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

At step three, the ALJ determined that Mr. Sampson's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 17-21). The ALJ considered the specific requirements of Listing 1.04, which pertains to disorders of the spine. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, Pt. 1 § 1.04; (Tr. 18). The ALJ found that Mr. Sampson did not have any of the requisite criteria, including nerve root compression, spinal arachnoiditis, or motor loss. The ALJ noted that Mr. Sampson suffered from lumbar spinal stenosis "possibly resulting in pseudoclaudication," but noted that he did not meet the listing because he did not display an inability to ambulate effectively. (Tr. 11-12). The ALJ supported that conclusion with evidence that Mr. Sampson uses no assistive devices and walks his son to and from school on a daily basis. (Tr. 12). A claimant bears the burden of demonstrating that his impairment meets or equals a listed impairment. *Kellough v. Heckler*, 785 F.2d 1147, 1152 (4th Cir. 1986). For a claimant to establish that his impairment meets or equals a listing, it must "meet *all* of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severely, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). Notably, no medical source has opined that Mr. Sampson's impairments met any listing, and I agree that no listings are met.

*De-Sayles Donnell Sampson v. Commissioner, Social Security Administration*
Civil No. SAG-14-2448
May 4, 2015
Page 3

In considering Mr. Sampson's RFC, the ALJ summarized Mr. Sampson's subjective complaints of pain affecting his legs, thighs, buttock and big toes, and the effects on his daily activities. (Tr. 12-13). The ALJ also provided a detailed review of the medical records. (Tr. 13-14). The ALJ noted that Mr. Sampson's course of treatment has been "generally conservative" and that he appears to have had relief from certain medications, although they were not always taken consistently. (Tr. 14). The ALJ further noted the limited findings on physical examination pertaining to Mr. Sampson's symptoms. (Tr. 13-14). Accordingly, the ALJ determined that Mr. Sampson's subjective complaints were not entirely credible.[2] (Tr. 13). The ALJ finally reviewed the opinions of various medical sources. The ALJ assigned "minimal weight" to the opinions of the non-examining State agency medical consultants who believed Mr. Sampson had no severe impairments. (Tr. 14). Instead, the ALJ determined that several of Mr. Sampson's impairments were severe and would limit the type of jobs he would be able to perform. The ALJ assigned "no weight" to the opinion of Ms. Dorothy Ware, a certified registered nurse practitioner, on the grounds that she was not an acceptable medical source and that it is both internally inconsistent and inconsistent with other medical records. (Tr. 15). The ALJ provided specific examples of the alleged inconsistencies. Thus, the ALJ provided substantial evidence to support his assignment of no weight. The ALJ also assigned "little weight" to the opinion of Dr. K. Shaw-Taylor, which was a one-page opinion form simply requesting a "yes/no" answer to the question of whether the claimant is disabled. (Tr. 309). Dr. Shaw-Taylor answered "yes," and wrote in the comment "if it is not surgically corrected," but provided no additional comments or rationale on the form. *Id.* The ALJ assigned the opinion little weight because it contained only an opinion on the ultimate issue of disability, which is reserved to the Commissioner. I find no error in that analysis.

My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision, and whether correct legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Mr. Sampson's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, therefore, I find the ALJ's RFC determination was supported by substantial evidence.

Next, at step four, the ALJ determined that, pursuant to his RFC assessment, Mr. Sampson was unable to perform his past relevant work as a construction worker or disc jockey. (Tr. 15). Accordingly, the ALJ proceeded to step five, where he considered the impact of Mr. Sampson's age and level of education on his ability to adjust to new work. (Tr. 15-16). Relying on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 § 202.21, the

---

[2] The ALJ's statement discounting Mr. Sampson's credibility is similar to the problematic boilerplate language that the Fourth Circuit recently determined warranted remand in *Mascio v. Colvin*, 780 F.3d 632, 639 (4th Cir. 2015). It is, however, critically distinguishable from that boilerplate because it does not reference the ALJ's RFC assessment and thus does not imply that the ALJ first assessed Mr. Sampson's RFC and then used that assessment to determine his credibility. *See id.* Moreover, the ALJ cured any issue created by his use of boilerplate credibility language by thereafter properly and thoroughly analyzing Mr. Sampson's credibility, specifically noting which of his complaints were credited.

*De-Sayles Donnell Sampson v. Commissioner, Social Security Administration*
Civil No. SAG-14-2448
May 4, 2015
Page 4

ALJ correctly found that an individual of Mr. Sampson's age and education, with a light RFC, is not disabled *per se*. (Tr. 16). Since Mr. Sampson's RFC assessment contained additional limitations which impeded his ability to perform all or substantially all of the requirements of light work, however, the ALJ asked the VE whether jobs existed in the national economy that were suited to Mr. Sampson's particular assessment. (Tr. 43-45). The VE testified that a person with Mr. Sampson's RFC would be capable of performing the jobs of photocopy machine operator, mail clerk, and retail marker. *Id.* Based on the VE's testimony, the ALJ concluded that Mr. Sampson is capable of successfully adjusting to other work that exists in significant numbers in the national economy. (Tr. 16-17). I find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's Motion for Summary Judgment (ECF No. 20) is GRANTED. The Commissioner's judgment is AFFIRMED pursuant to sentence four of 42 U.S.C. § 405(g). The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge